IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,788-02






EX PARTE WILLIAM CRAIG PRUITT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 94955-A IN THE 252ND JUDICIAL DISTRICT COURT


FROM JEFFERSON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to injury to a child
and was sentenced to ten years, probated. His probation was later revoked, and he was sentenced
to ten years' imprisonment. The Ninth Court of Appeals affirmed his conviction. Pruitt v. State,
No. 09-06-00459-CR (Tex. App. - Beaumont, June 6, 2007). 

 Applicant contends, inter alia, that his trial counsel was ineffective for advising Applicant
to plead guilty without advising Applicant that the complainant had signed an affidavit of non-prosecution. Applicant also alleges that the statute of limitations on this offense had passed before
he was charged in this cause. Applicant also alleges that his appellate counsel rendered ineffective
assistance because counsel failed to keep him apprised of the status of his direct appeal.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide trial and appellate counsel with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel at trial and on appeal. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's trial counsel was aware
of an affidavit of non-prosecution signed by the complainant in this cause, and if so, whether trial
counsel informed Applicant of this fact. The trial court shall make findings as to whether trial
counsel was aware that the statute of limitations had passed on the offense to which Applicant
pleaded guilty, and if so, whether he informed Applicant of this potential defense to the charge. The
trial court shall make findings of fact as to whether trial counsel advised Applicant to plead guilty
pursuant to the plea agreement in this case, and if so, what the basis of trial counsel's advice was. 
The trial court shall make findings as to whether trial counsel's performance was deficient, and if
so, whether trial counsel's deficient performance prejudiced Applicant. 

 The trial court shall also make findings as to whether appellate counsel timely informed
Applicant that his conviction had been affirmed and that he has a right to file a pro se petition for
discretionary review. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: April 22, 2009

Do not publish